UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TONY ASHLEY                                     CIVIL ACTION NO. 19-0201

                                                SECTION P

VS.

                                                JUDGE TERRY A. DOUGHTY

JIM TUTEN                                       MAG. JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Petitioner Tony Ashley, a prisoner in the custody of Louisiana's Department of

Corrections proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas

Corpus on February 15, 2019, utilizing a form for filing petitions under 28 U.S.C. § 2254.

Petitioner seeks dismissal of his charge for failure to register as a sex offender.[1]  For the

following reasons, it is recommended that the Petition be dismissed as moot.

Background

On approximately December 18, 2017, Petitioner was charged, before the Third Judicial

District Court, Lincoln Parish, Louisiana, with failing to register as a sex offender.  [doc. # 1, p.

1].  According to Petitioner, the charge stemmed from his prior conviction, in November 1996,

of carnal knowledge of a juvenile.  *Id.*  Petitioner seeks dismissal of the current charge, arguing

that, when he was convicted of carnal knowledge of a juvenile, he was never ordered, or notified

of his obligation, to register as a sex offender.  *Id.* at 2, 15.  He also suggests that he was not

required to register because his prior conviction was over twenty years old.  *Id.* at 14.

On February 19, 2019, while this proceeding was pending, Petitioner pled guilty to failing

_____

[1] This matter has been referred to the undersigned for review, report, and recommendation
in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

to register as a sex offender.  TELEPHONE CALLS TO DISTRICT ATTORNEY AND CLERK OF COURT, 3RD JUDICIAL DISTRICT COURT, LINCOLN PARISH, LOUISIANA (February 20, 2019).  The trial judge sentenced Petitioner the same day.  *Id.*

## Law and Analysis

Petitioner, as noted, utilized a form for filing petitions under 28 U.S.C. § 2254.  However, 28 U.S.C. § 2254 does not apply because, when Petitioner filed, he was a pre-trial detainee and was not in custody "pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  Otherwise stated, he did not challenge his conviction when he filed his Petition because he was not yet convicted.

Rather, he sought—and seeks—dismissal of his pending charge.  Thus, 28 U.S.C. § 2241(c) applies: "Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987); see *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503 (1973) (observing that Section 2241 "empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding.").

While the instant Petition was pending, Petitioner pled guilty to the charge he seeks to dismiss.  A pre-trial detainee's Section 2241 Petition is rendered moot "when the court cannot grant the relief requested by the moving party."  *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F. 2d 282, 283 (5th Cir. 1969) and

*Bailey v. Southerland*, 821 F. 2d 277, 278 (5th Cir. 1987)).[2]

Here, Petitioner's claims are moot: the Court cannot dismiss Petitioner's once-pending charge because the charge is no longer pending. The Court, in other words, cannot grant relief under Section 2241 because Petitioner is no longer a pre-trial detainee and is now in custody pursuant to the judgment of a Louisiana court.[3] The legality of his pre-trial detention is no longer in controversy. See *Hartfield v. Osborne*, 808 F.3d 1066, 1068 (5th Cir. 2015) (observing that Section 2241 no longer applied because the petitioner was convicted and, consequently, "any writ of habeas corpus granted by a federal court will necessarily free him from custody pursuant to a state court judgment.").

Although Petitioner is now in custody pursuant to a judgment of a state court, the undersigned declines to apply Section 2254 because Petitioner did not, and does not now, attack his conviction or sentence.[4] Rather, he sought—and seeks—dismissal of a *charge* to which he

---

[2] See *Bailey*, 821 F.2d at 278 (finding a Section 2241 petition moot and observing: "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. In the absence of its being raised by a party, this court is obliged to raise the subject of mootness sua sponte.").

[3] See *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (finding that a petitioner's requests for pretrial habeas relief were mooted by the petitioner' subsequent conviction); *Chadman v. Fowler*, 2018 WL 4051868, at *3 (N.D. Tex. Aug. 24, 2018) (finding a petition under Section 2241 moot because, after he filed his petition, the petitioner was convicted of the charge he challenged); *Wade v. Anderson*, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing a pre-trial detainee's Section 2241 petition as moot after his conviction); *Agnew v. Waybourn*, 2018 WL 3770273, at *1 (N.D. Tex. Aug. 9, 2018); *Jenkins v. Mississippi*, 2010 WL 3890815, at *2 (S.D. Miss. Sept. 29, 2010); *Jamison v. Strain*, 2007 WL 1521007, at *2 (E.D. La. May 18, 2007).

[4] See *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995) (finding that, because the petitioner was "not challenging the legality of his conviction or the validity of his initial sentence," his petition was "more properly construed as seeking relief pursuant to § 2241.").

pled guilty.  [See doc. # 1, p. 15].  Dismissing this proceeding will not affect Petitioner's "ability to proceed through the state court process" and "file a federal habeas petition under § 2254, should that become necessary, once he has exhausted his state remedies (or can show an exception to the exhaustion requirement)."[5]  See *Hartfield*, 808 F.3d at 1074 (noting that a subsequent "federal habeas petition under § 2254 . . . will not be a 'second or successive habeas corpus application' under § 2244.").

The undersigned is cognizant that, in *Hartfield*, 808 F.3d at 1071-72, the Fifth Circuit held that a petitioner's claim fell "within § 2254(b)(1)" because, while he filed his Section 2241 petition when in pre-trial custody, he was convicted after he appealed, he was therefore in custody pursuant to a state court judgment, and, consequently, "any habeas writ that issue[d] from a federal court . . . would necessarily release him from custody pursuant to a state court judgment."  There, however, the petitioner argued that the State of Texas violated his right to a speedy trial, and the Fifth Circuit characterized the claim "as an attack on the validity of his conviction and sentence . . . ."  *Id.* at 1072 (internal quotation marks and quoted source omitted).  Here, the undersigned does not characterize Petitioner's claim—which he filed before his conviction and did not amend or supplement—as an attack on his conviction and sentence.[6]  That said, and even assuming that Section 2254 governs, any claim under Section 2254 is manifestly

---

[5]  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[6]  Moreover, the petitioner in *Hartfield* was convicted only after he appealed and after the district court granted summary judgment to the State on the petitioner's Section 2241 claim.  Further, while the Fifth Circuit opined that one issue on appeal was "no longer relevant[,]" it did not mention any issues of mootness.

4

unexhausted given that petitioner pled guilty on February 19, 2019.[7]

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Tony Ashley's Petition for Writ of Habeas Corpus, [doc. # 1], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of February, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[7] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1)(A).